## GARMAN v O'NEIL et

Ohio Appeals, 9th Dist, Summit Co.

No. 3086.   Decided April 19, 1939.

Burch & Baird, Akron, and James Olds, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellees.

## OPINION

PER CURIAM:

Appeal on questions of law from a directed verdict for the defendant. upon which judgment was rendered. in the Court of Common Pleas of Summit County, Ohio.

In this action against Walter P. O'Neil, sheriff of Summit County, and The Fidelity & Casualty Co. of New York, which latter company with the sheriff had executed a bond in the sum of $25,000 to the State of Ohio, conditioned that the sheriff would faithfully discharge the duties of the office of sheriff, any recovery by the plaintiff (appellant here) against the defendants (appellees here) must be bottomed on the provisions of §2831 GC, which provides:

"The sheriff shall be responsible for neglect of duty or misconduct in office of each of his deputies."

It cannot be disputed but that Allen E. Frost was a regularly appointed deputy sheriff; that he received no compensation from any public source; that he was employed by certain merchants in the city of Akron to perform the duties of a merchant policeman, and was compensated by them; that he usually wore a uniform when on duty similar to that worn by city policemen; that on the afternoon or evening of the day of the injury to the plaintiff he left his place of abode dressed in bedroom slippers, trousers, a shirt and a sweater coat, and proceeded to an automobile sales room the management of which had hired him to guard its property; that while there a .45-caliber Colt automatic which he carried in a holster under his arm fell from the holster and struck the floor; and that as a result thereof a bullet was discharged from the gun, and that the bullet struck and wounded the plaintiff.

The only evidence in the record revealing his mission to the automobile

salesroom was given by the deputy sheriff himself:

"Q.. How did you happen to be there at that time?

"A. I came down to trade automobiles with him."

From a careful reading of the record, and after resolving all reasonable inferences in favor of the plaintiff's claim, the members of this court are of the opinion that there is no evidence from which reasonable minds could conclude that the deputy sheriff was at the time of the accident acting in pursuance of his official duties as such deputy sheriff, and the fact that he carried a gun by virtue of his commission as deputy sheriff did not in and of itself render the sheriff or his bondsmen liable for his negligence.

Judgment affirmed.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.